IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMUEL JURADO, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § CRIMINAL ACTION NO. H-94-103 |
| | § |
| UNITED STATES OF AMERICA, | § |
| (Civil Action No. H-13-1532) | § |
| | § |
| Defendant. | § |

**MEMORANDUM AND ORDER**

The petitioner, Samuel Jurado, is serving a prison sentence at a Texas state prison. He is also serving a concurrent federal sentence of 327 months for his conviction for conspiracy to distribute heroin; distribution of heroin; and aiding and abetting heroin distribution. His current projected good-conduct time release date computed by the Bureau of Prisons is December 22, 2019. Jurado alleges that he is entitled to 21 months of prior custody credit against his federal sentence, from June 8, 1994, the date of his state arrest, until his federal sentence was imposed on August 7, 1995. (*See* Docket Entry No. 696.) In response, the government argues that the time Jurado seeks has already been credited against his Texas state sentence, so he is not entitled to credit for his time against his federal sentence based on 18 U.S.C. § 3585(b). The government also argues that *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), provides no basis to award the credit Jurado seeks.

The court agrees that there is neither a legal nor factual basis to grant the relief sought. Jurado's motion to vacate under § 2255 is denied, the government's motion to dismiss is granted, and this civil action is dismissed with prejudice. Final judgment is separately entered.

P:\CASES\2013\13-1532.a01.wpd

The reasons are set out below.

**I.  Background**

On September 20, 1993, Jurado was paroled from a 12-year state sentence for aggravated assault on a police officer with a deadly weapon and for attempted murder. While on parole, he was indicted in this federal heroin trafficking case. The indictment alleged that the offense began in January 1994. On June 8, 1994, Jurado was arrested by the Houston, Texas Police Department for murder, attempted murder and aggravated assault, which had allegedly occurred on May 21, 1994. On August 18, 1994, a Writ of Habeas Corpus ad Prosequendum was executed and Jurado was brought into the secondary custody of the U.S. Marshals Service. He was subsequently returned to the Harris County Jail.

On September 21, 1994, Jurado's parole from his 12-year conviction was revoked. On February 9, 1995, a Writ of Habeas Corpus ad Prosequendum was executed and Jurado was again brought into the secondary custody of the U.S. Marshals Service, and again returned to the Harris County Jail.

On August 7, 1995, the State of Texas sentenced Jurado to serve 35 years in the Texas Department of Corrections. On March 26, 1996, a Writ of Habeas Corpus ad Prosequendum was executed and Jurado was brought into the secondary custody of the U.S. Marshals Service. The following day, he was sentenced in this federal case to a 327-month aggregate term for the federal narcotics conviction, to run concurrently with the undischarged term of imprisonment in the Texas Department of Corrections. On April 1, 1996, Jurado was returned to Texas state custody to serve that sentence. On September 16, 1997, the Bureau of Prisons designated Jurado to the Texas Department of Corrections to serve his federal sentence, in compliance with 18 U.S.C. § 3585(a).

The Bureau of Prisons prepared a sentence computation beginning his 327-month federal sentence on March 27, 1996. There is no prior custody credit that meets the statutory requirements in 18 U.S.C. § 3585(b). Assuming good-time credit, he is projected to satisfy the 327-month term on December 22, 2019. Jurado remains in the Texas Department of Corrections.

**II.    Analysis**

Jurado alleges that he entitled to 21 months of prior custody credit against his federal sentence, for the period from June 8, 1994, the date of his state arrest, until he was sentenced in federal court on August 7, 1995. *See* Docket Entry No. 696. Jurado argues that because he was in official detention during that time and it was after the date of his federal offense, he should receive credit toward his federal sentence. But as the record reflects, Jurado was in secondary federal custody on a Writ of Habeas Corpus when his federal sentence was imposed and ordered to be served concurrently with his state sentence. Under 18 U.S.C. § 3585(a), the Bureau of Prisons has the authority to designate the place of imprisonment. Because Jurado was in state custody when he was sentenced in federal court, the Bureau of Prisons designated him to the Texas Department of Corrections. Prior custody credit is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

This statute precludes crediting time to reduce a sentence if the time has been credited toward another sentence. *Id.*; *see Wilson*, 503 U.S. at 329; *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (explaining that a defendant is to be given credit toward his term of federal imprisonment for

any time he spent in official detention prior to the commencement of his sentence that has *not been credited* against another sentence); *Jones v. Joslin*, 635 F.3d 673, 675 (5th Cir. 2011) (pursuant to 18 U.S.C. § 3585(b), the Bureau of Prisons correctly denied credit against a federal sentence for time credited to reduce a state sentence).

The State of Texas credited Jurado with credit for the time from his arrest on June 8, 1994, until his federal sentence was imposed. Crediting this time again to reduce the federal sentence is precluded by statute.

There is no basis to award the credit Jurado seeks under *Willis*, which applies only when the federal full term is greater than the State full term date. In such a case, credit could be applied to the federal sentence even though it was also applied to the state. *Id.* In this case, however, Jurado's federal full term date is June 26, 2023, and the State full term date is August 6, 2030. Because the State release date is later, and Jurado is receiving the benefit of the jail credit on his State sentence, he is not entitled to credit on his federal sentence as well.

### III. Conclusion

There is no basis for the relief Jurado seeks. The government's motion to dismiss is granted (Docket Entry No. 700); Jurado's motion to vacate is denied (Docket Entry No. 696); and Civil Action 13-cv-1532 is dismissed, with prejudice.

SIGNED on January 28, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge